UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re                                                                              Chapter 11

BEECHWOOD MOUNTAIN REALTY LLC,                       Case No. 09-44429-(ESS)

                                             Debtor.                            Hon. Elizabeth S. Stong
-------------------------------------------------------------x

**ORDER APPROVING (1) BIDDING PROCEDURES AND RETENTION OF AUCTIONEER AND (2) FORM AND MANNER OF NOTICE OF SALE AND BIDDING PROCEDURES AND (3) AUTHORIZING AND APPROVING SALE OF THE HARRISON PROPERTY PURSUANT TO 11 U.S.C. § 363(b), (f), (k) and (m)**

Upon the motion ***dated October 21, 2011,*** (the "Motion")[1] of Beechwood Mountain Realty LLC (the "Debtor") to approve bidding procedures, retention of an Auctioneer, form and manner of notice of sale and bidding procedures, and authorizing and approving the sale of the Debtor's real property located at 1000 First Street, Harrison, New Jersey (the "Harrison Property"), pursuant to Sections 363 (b), (f), (k) and (m) of Title 11 of the United States Code; and a hearing having been held on November 10, 2011; and good and sufficient notice having been given; and due deliberation having been had; and sufficient cause appearing therefore, it is ***hereby***

ORDERED, that ~~the Motion is granted, and~~ the Debtor is authorized to retain DJM Realty to market and auction the Harrison Property pursuant to Section 363 (b), (f) and (k) of title 11 of the United States Code free and clear of all claims, liens, taxes and encumbrances, but subject to all existing commercial leases, as may previously

---

[1] Any capitalized terms used but not otherwise defined herein shall have the meanings ascribed in the Motion.

have been amended or modified on the terms set forth below and in the Retention Agreement annexed as Exhibit "B" to the Motion; and it is further

ORDERED, that the following procedures for bidding at the sale of the Harrison Property are hereby approved:

(a)  Qualified Bidders.

A potential bidder that satisfies the following requirements and that the Debtor (after consultation with Banco Popular) determines, or the Bankruptcy Court determines, is reasonably likely to be able to consummate a purchase of the Harrison Property shall be considered a "Qualified Bidder," except that Banco Popular shall be automatically deemed a Qualified Bidder:

> financial information satisfactory to the Debtor sufficient to demonstrate the financial capability of the potential bidder to consummate the purchase of the Harrison Property (the "Financial Information").

(b)  Due Diligence.  Upon receipt by Goldberg Weprin Finkel Goldstein LLP of the Qualified Bid and Financial Information, a potential bidder shall be provided with additional information regarding the Harrison Property.

(c)  Bidding Deadline.  Any Qualified Bidder that desires to participate in the Auction (as defined herein) shall deliver a copy of its bid not later than 12:00 p.m. prevailing Eastern Time two (2) business days prior to the public auction of the Harrison Property (the "Bidding Deadline") to Debtor's counsel, Goldberg Weprin Finkel Goldstein LLP, 1501 Broadway, 22nd Floor, New York, New York 10036, Attention: Kevin J. Nash, Esq. with a copy to counsel for Banco Popular, Cullen and Dykman LLP, 100 Quentin Roosevelt Boulevard, Garden City, NY, 11530, Attention: Matthew G. Roseman, Esq. and Bonnie L. Pollack, Esq.

(d)  Qualified Bids.  A bid received from a Qualified Bidder will be considered a "Qualified Bid" only if the bid satisfies the following requirements (the "Bid Requirements"):

i.  be in writing in the form of an asset purchase agreement and be an offer to purchase the Harrison Property for cash as to which the Debtor in consultation with Banco Popular agree;

ii.  not be contingent on financing, conducting due diligence or environmental assessments of the Harrison Property;

     iii. be received by the Bid Deadline and include the amount being offered for the Harrison Property and expressly state that the offer of the party submitting the bid is irrevocable until the entry by the Court of a final order approving the sale of the Harrison Property, which order shall not be subject to further appeal;

     iv. a bid (the "Opening Bid");

     v. be accompanied by a deposit (the "Deposit") to counsel to the Debtor, by wire or certified check, in an amount equal to 10% of the Opening Bid;

     vi. Bids shall be made by open auction. The Debtor will announce the highest and best Opening Bid. Any successive bid shall specifically identify any other changes made to such Qualified Bidder's prior bid;

     vii. Only Qualified Bidders, or the authorized representatives of each of the Qualified Bidders that have submitted a Qualified Bid shall be permitted to participate at the Auction. To have a Qualified Bid eligible to participate in the Auction, a Bidder shall: (x) comply with each of the Bid Requirements; and (y) be prepared to demonstrate to the Debtor and Banco Popular its ability to consummate the purchase of the Harrison Property;

     viii. In the event a party who submits the highest and best bid for the Property fails to close on the sale through no fault of the Debtor no later than 14 days after Bankruptcy Court approval of the bid (but no later than December 30, 2011), the Deposit submitted by such party shall be forfeited to the Debtor subject to Banco Popular's claims. To the extent that a party submitting the highest and best offer fails to close on the sale of the Harrison Property, the Debtor may sell the Property to the party submitting the second highest or best offer;

     ix. The Debtor, in consultation with Banco Popular, may reject any proposal that is on terms that are unacceptable or conditional, requires any indemnification of the potential bidder, includes non-cash consideration, entitles the potential bidder to any break up fee, termination fee, expense reimbursement or similar type of payment, and is not in conformity with these Biding Procedure, the Bankruptcy Code, the Bankruptcy Rules or the Local Bankruptcy Rules of the Court; and

     x. Banco Popular is deemed to be a Qualified Bidder, shall not be required to comply with the requirements of paragraphs (d)(i) – (v) and (d)(vii) above, and shall have the right but not the obligation to credit bid the amount of its Allowed Secured Claim at the Auction, provided that if it is the Successful Bidder, it must pay cash to the estate carve-out as set forth in paragraph 7 of the Consent Order.

(e) <u>The Auction.</u>  The auction (the "Auction") shall commence at 9:00 a.m. on December 15, 2011 in Courtroom 2554 of the United States Bankruptcy Court, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201-1800.  Qualified Bidders must attend the Auction in person or through an authorized representative or agent with actual authority to participate in the Auction and bind such Qualified Bidder.  If no Qualified Bids are received by the Bidding Deadline then the Auction will not be held, Banco Popular will be the Successful Bidder with a credit bid in an amount to be mutually determined by the parties or the Bankruptcy Court if the parties cannot agree, and at the Sale Hearing the Debtor will seek approval of the sale of the Harrison Property to Banco Popular by the Bankruptcy Court.

(f) <u>Selection of Successful Bidder.</u>   Subject to compliance with these Bidding Procedures, the bidder making the bid that is selected as the highest and best shall be considered the "Successful Bidder."  At the conclusion of the bidding, the Debtor and Banco Popular shall inform each of the Qualified Bidders of the decision regarding who is the Successful Bidder.  The Successful Bidder will then be required to enter into a definitive agreement (as modified by the bids at the Auction) before the Auction is adjourned. The Debtor and Banco Popular shall have accepted a bid only when the bid is declared the Successful Bid and definitive documentation has been executed in respect to the Successful Bid.  Upon the conclusion of the Auction, the Debtor and Banco Popular will file a notice with the Court identifying the winning bidder(s).

(g) <u>Bankruptcy Court Approval of the Successful Bidder.</u>  A follow-up hearing to approve the successful bidder (the "Sale Hearing") shall be held before the Honorable Elizabeth S. Stong, Chief United States Bankruptcy Judge, United States Bankruptcy Court, Eastern District of New York,  Courtroom 3585, 271 Cadman Plaza East, Brooklyn, New York on December 15, 2011 at 10:30 a.m.  The consummation of the sale transaction will be subject to an order approving the sale of the Harrison Property pursuant to Sections 363(b), (f), (k) and (m) of the Bankruptcy Code free and clear of all claims, liens, taxes and encumbrances, but subject to all existing commercial leases, as may previously have been amended or modified, waiving the fourteen (14) day stay pursuant to Bankruptcy Rule 6004(h), so that the sale will close no later than December 30, 2011.

(h) <u>Returns of Deposits.</u>  Upon conclusion of the Auction, the Deposits submitted by all Qualified Bidders (other than the Deposit of the Successful Bidder or the Second Highest Bidder) shall be returned.  The offer submitted by the Second Highest Bidder shall remain binding and irrevocable until 15 days after the entry of the Sale Order.

(i) <u>Reservation of Rights.</u>   Except as otherwise specifically provided herein, the Debtor, after consultation with Banco Popular, reserves the right (a) to determine which Qualified Bid, if there are more than one, is the highest or otherwise

4

best offer; (b) to reject at any time prior to entry of an order of the Bankruptcy Court approving the sale to the Successful Bidder, any bid which the Debtor deems to be (i) inadequate or insufficient, or (ii) not in conformity with the requirements of the Bankruptcy Code or the Bidding Procedures; and (c) extend the deadlines set forth in the Bidding Procedures and/or adjourn the Auction; and it is further

ORDERED, that pursuant to Federal Rules of Bankruptcy Procedure 9006(c) and 2002(a), notice of the Sale Hearing will be sufficient if within three (3) business days of the entry of this Court, the Debtor sends a conformed copy of this Order via regular mail to (i) all creditors of the Debtor; (ii) those persons who may be known to the Debtor as potential bidders at the sale hearing; (iii) those entities who filed notices of appearance and requests for service of papers with the Clerk of the Court; and (iv) the Office of the United States Trustee.

CONSENTED TO:

Cullen and Dykman LLP
Attorneys for Banco Popular North America


BY:   s/ Bonnie L. Pollack
        Bonnie L. Pollack, Esq.
        100 Quentin Roosevelt Boulevard
        Garden City, New York  11530
        (516) 357-3700



**Dated: Brooklyn, New York**
  **November 23, 2011**

**Elizabeth S. Stong**
**United States Bankruptcy Judge**